Bell, J.,
concurring. The authorities cited in the majority opinion herein clearly support the proposition stated in the first paragraph of the syllabus to the effect that, under one application, a statute may operate unconstitutionally yet, under another and different application, may operate validly.
*21 Possession of nearly 20,000 copies of pamphlets, photographs and drawings which, to give them their most charitable description, can only be designated as hard-core pornography could be for one purpose and one purpose only — dissemination for profit. The intent of the Legislature in enacting Section 2905.34, Bevised Code, must have been to prevent such dissemination or some other equally pernicious guilty purpose; it can not be assumed that the Legislature intended a deliberate invasion of personal freedoms.
Such an intent is a far cry from intending to make guilty under this statute a person who has in his personal library an isolated example of what might by many, or even by a few, be termed obscene. It is a far cry from intending to make guilty a clerk of courts who accepts for filing an exhibit or a judge or juror who later examines such exhibit, knowing or believing it to be obscene. All would be equally guilty if we assume that the Legislature intended that no guilty purpose need accompany the knowingly possessing.
In drawing a line between concepts as basic as personal freedom and the police power, a fine-pointed pen is often required. But fine or broad, the line must be drawn with reason. If, by judicial interpretation, that line can, with reason, be drawn so as to accomplish the purpose sought by the exercise of the police power and at the same time protect the freedom of the individual, it should be so drawn.
The interpretation given this statute herein, and in the majority opinion in State v. Jacobellis, 173 Ohio St., 22, is, in my opinion, the only reasonable interpretation that can be given it. If, by implying the elements of guilty knowledge and guilty purpose, the salutary effect that it may be hoped the statute will have on our society can be given impetus, then that implication should be made. To interpret it, on the other hand, in such a way as to make mere knowingly possessing unlawful without either guilty knowledge or purpose accompanying that possession would, of necessity, make its application unconstitutional as the majority of this court felt was the result of such application in State v. Mapp, 170 Ohio St., 427.